## McEWAN BROS. CO. v. WHITE.

(Circuit Court, D. Connecticut. October 22, 1894.)

No. 752.

PATENTS—ANTICIPATION—PAPER BOARD.

The McEwan patent, No. 492,927,—claiming, as a new article of manufacture, a superior paper board, formed from printed newspapers ground to a pulp, and having the particles of printers' ink minutely subdivided and uniformly distributed, so as to impart an even tint to the board,—was not anticipated by previous processes, in which the ink was utilized as part of the coloring matter by the use of an alkali which saponified the oil in the ink, after which the saponified matter was washed out; it appearing that such process required additional expense, and also weakened the fiber of the board.

This was a suit in equity by the McEwan Bros. Company against George L. White for infringement of a patent.

Briesen & Knauth, for complainant.

Geo. E. Terry, for defendant.

TOWNSEND, District Judge. This is a suit upon letters patent No. 492,927, granted March 7, 1893, to Robert B. McEwan, Jessie L. McEwan, and Richard W. McEwan, for an improvement in paper board. The object of the alleged invention was to obtain a superior quality of paper board at a reduced cost. The specification states that this is accomplished by such processes as subdivide and preserve the permanent particles of printers' ink in newspaper stock, so that they may be blended with the fibers of the paper without impairing the strength of the fibers by bleaching out the ink. The claim is as follows:

"As a new article of manufacture, a paper board formed from printed newspaper, or the like, ground to a pulp, and having the permanent particles of the printers' ink minutely subdivided and uniformly distributed throughout the body of the board, whereby a smooth and even tint is imparted to the board."

Infringement is not denied. The only evidence in the case is that of one witness for the complainant. The defendant claims that certain admissions made by him show that the patent is void for want of novelty. It appears that prior to the alleged invention paper board had been made from newspaper stock, in which the ink was utilized as part of the coloring matter. The process by which this was accomplished included the use of an alkali which saponified the oil in the ink, and the saponified matter was then washed out. It is admitted that this process involved additional expense. It is not denied that the fiber of the finished product was weakened thereby. It would seem that this was one of the "more or less expensive attempts to bleach out the ink" referred to in the patent in suit, the objectionable results of which the patentee sought to obviate in his product. The patented product consists of paper stock ground to a pulp, and permanent particles of printers' ink so minutely and uniformly distributed throughout as to produce an even tint. The product relied upon as an anticipation is a paper pulp tinted by the coloring matter originally forming one of the constituents of the printers' ink. In the former there is mechanical disintegration; in the latter, chemical solution. Without other evidence that such product did not involve inventive skill, with the allegations of the patentee that it was stronger in fiber and superior in quality, and the admission that it was produced at less expense, I think the complainant is entitled to the benefit of the presumption in favor of the validity of the patent. Let a decree be entered for an injunction and an accounting.